## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DENISE NEMETH-GREENLEAF, *et al.*,

       Plaintiffs,

  v.

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT, *et al.*,

      Defendants.

Case No. 1:25-cv-00407-CRC

Judge Christopher R. Cooper

## <u>DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT</u>

Defendants United States Office of Personnel Management ("OPM") and United States Department of the Treasury ("Treasury"), answer the Amended Complaint, ECF No. 19, filed by Plaintiffs Denise Nemeth-Greenleaf, Jason Judkins, Jon Michel, Donna Nemeth, and Michael Rifer, as follows:

1. The first sentence of this paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 2, to which no response is required. The second sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

2. This paragraph consists of Plaintiffs' characterizations of their Complaint and conclusions of law, rather than allegations of fact, to which no response is required.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph. The second sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

4. The first and second sentences of this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required, but to the extent a response is deemed necessary, denied. The third sentence of this paragraph is denied. The fourth and fifth

sentences of this paragraph consists of conclusions of law, rather than allegations of fact, but to the extent a response is deemed necessary, denied.

5.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, and fourth sentences of this paragraph.  The fifth sentence of this paragraph consists of a legal conclusion to which no response is required.

6.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

7.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

8.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

9.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

10.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

11.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

12.    Admitted.

13.    Admitted as to the first sentence. The second sentence is admitted with the exception that the characterization that the Treasury Department is "responsible" for the Bureau of the Fiscal Service is conclusory.

14.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of this paragraph.  The third sentence of this paragraph, to the extent it discusses alleged breaches of a Plaintiffs' PSI, consists of a legal conclusion to which no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the remainder of the third sentence.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of this paragraph.

15.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of this paragraph. The third sentence of this paragraph, to the extent it discusses alleged breaches of a Plaintiffs' PSI, consists of a legal conclusion to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the remainder of the third sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of this paragraph.

16.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of this paragraph. The third sentence of this paragraph, to the extent it discusses alleged breaches of a Plaintiffs' PSI, consists of a legal conclusion to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the remainder of the third sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of this paragraph.

17.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of this paragraph. The third sentence of this paragraph, to the extent it discusses alleged breaches of a Plaintiffs' PSI, consists of a legal conclusion to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the remainder of the third sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of this paragraph.

18.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of this paragraph. The third sentence of this paragraph, to the extent it discusses alleged breaches of a Plaintiffs' PSI, consists of a legal

conclusion to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the remainder of the third sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of this paragraph.

19.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding financial transactions by Plaintiffs and proposed class members in the first sentence. As to the remainder of the first sentence, admitted. The second sentence of this paragraph is admitted.

20.    The first sentence of this paragraph regarding the statement that the Bureau of the Fiscal Service effectuates financial transactions for the Treasury Department is admitted. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding specific transactions between the Bureau of the Fiscal Service and the Treasury Department that Plaintiffs' label as "these financial transactions" in the first sentence of this paragraph. The second sentence of this paragraph regarding the statement that the Bureau of the Fiscal Service collects and maintains personal information that is related to payments is admitted. As to the remainder of the second sentence, Defendants deny Plaintiffs' characterization that the purpose and use of this information is to ensure the secure and timely transfer of funds to federal employees for, among other things, wage compensation and tax purposes because the purpose depends on the transaction and other factors.

21.    Admitted, with the exception that the Enterprise Human Resources Integration ("EHRI") program contains PII, not PSI, and that the publishing of data is conducted only once per month, not twice per month.

22.    Denied that OPM maintains copies of federal employees' birth certificates. OPM also does not maintain a general database for security clearances or suitability investigations as Plaintiffs' allegation suggests. For the remainder of the information in this paragraph, admitted.

23.    Denied.

24. Admitted, with the exception that OPM does not conduct background investigations or security clearances, nor does OPM collect and maintain PSI, background investigation records, or security clearance forms.

25. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. The second sentence of this paragraph, as to whether individuals with a "need to know" could access PSI consists of a conclusion of law, rather than allegations of fact, to which no response is required. Also, in the second sentence of this paragraph, regarding whether other individuals prior to January 2025 could access PSI, Defendant OPM denies this specific allegation, and Defendant Treasury lacks knowledge or information sufficient to form a belief about the truth of that allegation.

26. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required, but to the extent a response is deemed necessary, denied.

27. The first sentence of this paragraph consists of Plaintiffs' characterization and summary a January 20, 2025, Executive Order, to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second, third, and fourth, sentences of this paragraph. In the fifth sentence of this paragraph, Defendants admit that certain DOGE personnel have previously worked for Mr. Musk at his private companies, but Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that all DOGE personnel are individuals who currently or previously have worked for Mr. Musk at his private companies. The sixth sentence of this paragraph relating to the alleged access and disclosure of information to DOGE personnel consists of conclusions of law, rather than allegations of fact, to which no response is required, but to the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations. Defendants also lack knowledge or information sufficient to form a belief about the truth of the allegations that DOGE did maintain any public security policies. For the remainder of the sixth sentence of this paragraph, Treasury denies that it did not provide

security training to Treasury DOGE team and did not vet or otherwise investigate whether it was lawful for them to access PSI entrusted to them.

28. Defendants admit that two members of the Treasury DOGE team received access, with mitigation measures, to certain Bureau of the Fiscal Service records. Regarding allegations that these individuals were not employees, denied. Regarding allegations that these persons lacked a lawful or legitimate need for such data, this allegation consists of a conclusion of law, rather than allegations of fact, to which no response is required. Regarding the allegations that Mr. Musk sought such access, Defendants lack knowledge or information sufficient to form a belief about the truth of such allegation.

29. The first sentence of this paragraph is denied. The second sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. The third sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required, but to the extent a response is deemed necessary, denied.

30. Defendants admit that Mr. Elez was 25 years old in January 2025. Defendants admit that Mr. Elez worked for at least two of Elon Musk's companies. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence of this paragraph pertaining to Mr. Elez's background. As to Mr. Elez's access to Treasury Department systems, on February 3, 2025, Mr. Elez was given read-only access to several Bureau of the Fiscal Service payment systems with mitigation measures to monitor and log his activity and prevent impermissible downloads, uploads, and exfiltration. On February 5, 2025, for one system, for a brief period, Mr. Elez mistakenly was given "write" permissions instead of read-only permissions. This was promptly corrected to read-only access. Mr. Elez did not log into the system during this brief period where his profile was configured to read/write access. The initial investigation confirmed that all of Mr. Elez's interactions with the relevant system occurred within the supervised, walk-through session, and that no unauthorized actions had taken place.

Mr. Elez never took any actions to exercise the "write" privileges to modify anything.   Whether such access was to "nearly all payments made by the United States, including payments to federal workers such as the Plaintiffs and the proposed Class Members"—Defendants lack knowledge or information sufficient to form a belief about the truth of that specific allegation.  The second sentence of this paragraph is denied as to the allegations of Mr. Elez not being a government employee at the time.  The second sentence of this paragraph is denied as to Mr. Elez's alleged security clearance; Mr. Elez possessed an interim security clearance.  The second sentence of this paragraph is denied as to the characterization that Mr. Elez did not have the proper training to access these systems; consistent with general Treasury policy, Mr. Elez was provided a period of time to complete certain required trainings, and he left government service before he was required to complete most of his trainings.  As to the associated footnote, footnote 3, attached to the second sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein.  As to the third sentence of this paragraph, Defendants admit that Mr. Elez sent an unencrypted e-mail with a spreadsheet containing personal information to two United States General Services Administration officials. The personal information detailed a name (a person or an entity), a transaction type, and an amount of money. The names in the spreadsheet are considered low risk because the names are not accompanied by more specific identifiers, such as social security numbers or birth dates.

31.    The first sentence of this paragraph is denied.  For the second sentence of this paragraph, Defendants deny that Ms. Scales was not a federal government employee at that time. For the second sentence of this paragraph, Defendants deny that Ms. Scales did not have the requisite security clearance to access the information for which she was provided access.  For the remainder of the allegations in the second sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

32.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required, but to the extent a response is deemed necessary, denied.

33.    The first sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required, but to the extent a response is deemed necessary, denied. The second sentence of this paragraph is denied.

34.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37.    In the first sentence of this paragraph, regarding allegations that Mr. Elez was given "write" permissions instead of read-only permissions, Mr. Elez's access to one Bureau of the Fiscal Service payment system mistakenly configured with read/write permissions for a brief period, without his knowledge.  This was promptly corrected to read-only access, and Mr. Elez did not log into the system during this brief period where his profile was configured to read/write access.  The initial investigation confirmed that all of Mr. Elez's interactions with the relevant system occurred within the supervised, walk-through session, and that no unauthorized actions had taken place. Mr. Elez never took any actions to exercise the "write" privileges to modify anything.  Denied that other persons besides Mr. Elez were given "write" access.  Also, in the first sentence of this paragraph, regarding other individuals granted "read" permissions, certain Treasury employees identified as Treasury DOGE team members were granted "read-only" access to certain Bureau of the Fiscal Service systems and records subject to requirements on hiring, security vetting, and training and access mitigation measures.  Also, in the first sentence of this paragraph is a quotation from a news release cited in footnote 13, to which no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.

38. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

39. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

40. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

41. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

43. To the extent a response is required, Defendants aver that the cited authority speaks for itself and respectfully refer the Court to those cited materials for a complete and accurate statement of their contents.

44. To the extent a response is required, Defendants aver that the cited authority speaks for itself and respectfully refer the Court to those cited materials for a complete and accurate statement of their contents.

45. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

47. This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 20, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

48. The first sentence of this paragraph pertaining to an allegedly unlawful disclosure of PSI consists of conclusions of law, rather than allegations of fact, to which no response is

9

required.  The remainder of the first sentence, and the rest of the paragraph, consists of Plaintiffs' characterization and summary of news releases cited in footnotes 21 and 22 (same), to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

49.     This paragraph consists of Plaintiffs' characterization and summary of news releases cited in footnotes 23 and 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

50.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

51.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

52.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

53.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

54.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required,

Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

55.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

56.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

57.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

58.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

59.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

60.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

61.    This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

62.    This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

63.    This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

64.    This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

65.    This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

66.    This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

67.    This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 24, to which no response is required. To the extent a response is required,

Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

68.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

69.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required, but to the extent a response is required, denied.

70.    This paragraph, with regards to allegations of "unprecedented and reckless" access to government data systems and "misconduct regarding the same" consists of conclusions of law, rather than allegations of fact, to which no response is required, but to the extent a response is required, denied.  As for the allegations that without a whistleblower report, that the public would not have learned about DOGE personnel's actions, Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations.

71.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required, but to the extent a response is required, denied.

72.    As to the first and second sentences of this paragraph, these sentences contain Plaintiffs' characterization and summary of Congressional notification cited in footnote 25, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.  The third sentence of this paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 27, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

73.    This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 28, to which no response is required. To the extent a response is required,

Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

74.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 29, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

75.     This paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 30, to which no response is required. To the extent a response is required, Defendants aver that the news releases speak for themselves and refer the Court to the cited news releases for a complete and accurate statement of their contents.

76.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

77.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

78.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

79.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

80.     The first sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.  The second and third sentences of the paragraph consists of Plaintiffs' characterization and summary of a website, to which no response is required.  The fourth sentence of this paragraph denied to the extent that it assumes that OPM specifically tracks "DEI" related work or training for federal employees, for the remainder of this sentence, admitted.  The fifth sentence of this paragraph consists of Plaintiffs' characterization and summary of a website, to which no response is required.

14

81.     The first sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.  The third sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of this paragraph.

82.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is required, denied.

83.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of this paragraph.  The third sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

84.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

85.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, and third sentences of this paragraph.  The fourth sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

86.      This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

87.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

88.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

89.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

90.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

91.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

92.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

93.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

94.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

95.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

96.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

97.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

98.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

99.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

100.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

101.    Defendant incorporates by reference its response to the foregoing paragraphs as if fully set forth herein.

102.    Admitted

103. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

104. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

105. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. But to the extent a response is deemed necessary, OPM denies these allegations as it maintains PII during recruitment, not necessary PSI or financial information.

106. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

107. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

108. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

109. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

110. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

111. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

112. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

113. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

114. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

115.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

The remainder of the Complaint sets forth Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, Defendants specifically deny that Plaintiff is entitled to any of the relief sought or to any other relief in this action.  Any allegation not specifically responded to is hereby denied.

### DEFENSES

1.    The Court lacks subject matter jurisdiction over one or more claims or requests for relief in the Amended Complaint.

2.    One or more claims or requests for relief in the Amended Complaint fails to state a claim upon which relief can be granted.

3.    Federal Rule of Civil Procedure 23 precludes class treatment of the Complaint.

4.    Defendants reserve the right to raise any defense—including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c)—that may be supported by the record.

Dated:  April 10, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Pierce J. Anon*
PIERCE J. ANON (N.Y. Bar No. 6184303)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 305-7573
Email: pierce.anon@usdoj.gov

18

*Counsel for Defendants*