**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DENISE NEMETH-GREENLEAF, JASON JUDKINS, JON MICHEL, DONNA NEMETH, AND MICHAEL RIFER, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br>    v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; UNITED STATES DEPARTMENT OF THE TREASURY.<br><br>           Defendants. | Case No. 1:25-cv-00407<br><br>Judge: Hon. Christopher R. Cooper |

**JOINT SCHEDULING REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 16.3, and the Court's April 13, 2026, Order, Plaintiffs Denise Nemeth-Greenleaf, Jason Judkins, Jon Michel, Donna Nemeth, and Michael Rifer (collectively "Plaintiffs"), and Defendants the United States Office of Personnel Management ("OPM") and the United States Department of the Treasury ("Treasury") (collectively "Defendants"), by and through their undersigned counsel, submit this Joint Scheduling Report and attached Joint Proposed Schedule and state as follows:

1

## I.    REPORT OF THE PARTIES' CONFERENCE AND PROPOSED CASE MANAGEMENT TRACK

Counsel for the Plaintiffs and Defendants (collectively, the "Parties") met and conferred via videoconference on June 15, 2026, and subsequently by email, regarding this Joint Scheduling Report and Joint Proposed Schedule. The Parties request assignment to the COMPLEX track with the modifications discussed herein.

## II.    DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26 AND LOCAL CIVIL RULE 16.3(c)(1) – (16)

**1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

*Plaintiffs' Position*: The Court denied Defendants' motion to dismiss on March 4, 2026 (ECF No. 30). As set forth in Plaintiffs' Position regarding Question Six, Plaintiffs believe that certain issues may be adjudicated at summary judgment and, as such, the scope and timing of discovery proposed by Plaintiffs are discussed below. Plaintiffs intend to oppose Defendants' motion to strike class allegations. Such motions are not only strongly disfavored in federal court but also, here—where no discovery has taken place—Defendants' motion will essentially be brought under the same posture as their previous unsuccessful motions under Rule 12(b)(1) and (6) and therefore runs afoul of Rule 12(g)(2)'s prohibition on serial Rule 12 motions practice, despite Defendants' efforts to cloak it as a Local Rule 23.1(b) motion.

*Defendants' Position*:  Defendants propose to file a motion to strike the class allegations from the operative complaint under Local Rule 23.1(b) ("A defendant may move at any time to strike the class action allegations"). Class action allegations should be stricken when they are "fatally deficient," including when "individualized issues will necessarily predominate." *Salvador v. Allstate Prop. & Cas. Ins. Co.*, No. CV 19-2754 (RJL), 2020 WL 7042843, at *5 (D.D.C. Nov.

2

30, 2020); *see In re Rail Freight Fuel Surcharge Antitrust Litig.-MDL No. 1869*, 725 F.3d 244, 252–53 (D.C. Cir. 2013) ("When a case turns on individualized proof of injury, separate trials are in order."). "To unlock the Privacy Act's waiver of sovereign immunity and state a cognizable claim for damages," each plaintiff must establish, among other elements, they "sustained 'actual damages' . . . 'as a result of'" the alleged Privacy Act violation. *In re U.S. Off. of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 62 (D.C. Cir. 2019) (quoting 5 U.S.C. § 552a(g)(4)). That inevitably will require mini-trials about each plaintiff's unique circumstances to determine whether, when, and why a particular plaintiff incurred actual damages. So, as a matter of law, the requirements of Rule 23 cannot be met.

Because Plaintiffs suggest they will not pursue "individual litigation," only a class action, *see* Am. Compl. ¶ 99, Defendants propose that all discovery be stayed pending resolution of their forthcoming motion to strike the class allegations from the amended complaint. But if the Court declines to stay all discovery pending Defendants' motion to strike, it should at least stay merits discovery until it determines whether to certify a class. Again, Plaintiffs strongly imply that they would pursue this case on a class-wide basis or not at all. *See* Am. Compl. ¶¶ 98-99. At a minimum, Defendants believe that resolution of the class certification issue will greatly clarify the scope of the claims and the relevant merits discovery.

**2.      The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

*Plaintiffs' Position*: Plaintiffs believe that the deadlines for amendment of the pleadings and joinder of additional parties should be Friday, September 25, 2026—120 days from the date of the initial scheduling conference.

*Defendants' Position*: Defendants do not believe any future opportunity for Plaintiffs to join other parties or to further amend the complaint is warranted. However, if the Court affords Plaintiffs another opportunity to join new parties or amend the complaint, Defendants request this deadline should be August 6, 2026—30 days from the date of the initial scheduling conference — and discovery shall not commence until after that date.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

*The Parties' Position:* The Parties do not consent to a magistrate judge for all purposes.

4. **Whether there is a realistic possibility of settling the case.**

*Plaintiffs' Position*: Plaintiffs are open to discussing a classwide settlement if it will be in the best interest of the Proposed Class.

*Defendants' Position*: Defendants are unable to assess the possibility of settlement until the Court determines whether to certify a class.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

*Plaintiffs' Position*: Plaintiffs are amenable to participating in alternative dispute resolution (ADR) to facilitate potential classwide settlement and believe that private mediation would be the most effective. Plaintiffs are also amenable to utilizing the Court's ADR procedures and participating in a settlement conference before a U.S. Magistrate Judge.

*Defendants' Position*: Defendants are unable to assess the possible benefit of ADR until the Court determines whether to certify a class.

6. **Whether the case can be resolved by summary judgment or motion to dismiss;**

**dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

*Plaintiffs' Position*: As set forth in Plaintiffs' Position regarding Question 1, Defendants' motion to dismiss has been denied. Plaintiffs may choose to move for partial affirmative summary judgment at a later date depending on the discovery obtained but currently do not believe the case can be fully resolved at summary judgment. Plaintiffs' position is that any further dispositive motion deadlines, including summary judgment, be set after the Court's ruling on Plaintiffs' anticipated motion for class certification.

*Defendants' Position*: Defendants intend to move to strike the class allegations from the operative complaint under Local Rule 23.1(b). If granted, the parties can reassess the viability of the litigation. If denied, further opportunities for dispositive motions would arise with Plaintiffs' motion for class certification and Defendants' motion for summary judgment. Defendants believe it is premature to set a summary judgment schedule at least until the Court determines whether to certify a class.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

*Plaintiffs' Position*: Plaintiffs will make the initial disclosures required in Rule 26(a)(1) on or before July 30, 2026.

*Defendants' Position*: Defendants would agree to fully dispense, or partially dispense, with initial disclosures. In the event the parties cannot agree then Defendants would propose that the parties make initial disclosures by August 31, 2026.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and**

**depositions.**

*Parties' Position*: The Parties agree that a protective order should be entered and anticipate submitting a joint proposal for entry of a protective order to the Court by July 15, 2026. The Parties further agree that the limits on discovery set forth in the Federal Rules of Civil Procedure are appropriate here.

*Plaintiffs' Position*: Plaintiffs anticipate that discovery will be extensive in this putative class action and will include interrogatories, requests for production, requests for admission and multiple depositions of the Defendants' witnesses including, but not limited to, current and/or former employees. Third-party discovery in the form of subpoenas and depositions may also be necessary. To that end, Plaintiffs request that the Court set the deadline for completion of all fact discovery on December 31, 2027. Should the Court's decision on class certification require limited additional discovery, Plaintiffs' proposed schedule allows for some remaining fact discovery to occur following the ruling on class certification.

*Defendants' Position*: Defendants believe all discovery should be stayed pending resolution of their forthcoming motion to strike the class allegations from the complaint. If the Court declines to stay discovery, Defendants submit that discovery should be bifurcated. During the first stage, the parties should conduct class certification discovery and then the Court should resolve Plaintiffs' class certification motion. At a minimum, a threshold resolution of the class certification will significantly clarify the scope of merits discovery. Once class certification is resolved, the second stage of discovery into the merits will commence. Defendants believe that merits discovery can be accomplished in six months. Defendants also anticipate merits discovery will include interrogatories, requests for production, requests for admission, and depositions of, at least, the named Plaintiffs.

**9.      Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

*Parties' Position*: An ESI protocol will be necessary in this case, and the Parties will meet and confer regarding that protocol and intend to present a joint proposed ESI Protocol to the Court by July 15, 2026. Further, the Parties understand their duty to preserve records, including paper and electronic copies, and have taken steps to preserve all documents potentially relevant to this action in their possession, custody, and/or control.

**10.     Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

*Parties' Position*: As stated above in No. 8, the Parties recognize that a protective order will be required to safeguard confidential information. The Parties intend to submit a proposed protective order to the Court by July 15, 2026. The Parties will meet and confer regarding a mutually agreeable date to exchange privilege logs.

**11.     Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

*Plaintiffs' Position*: Plaintiffs refer the Court to Question Six above, as well as the Parties' Joint Proposed Schedule. Plaintiffs propose that expert witness reports in support of Plaintiffs' Motion for Class Certification and in support of Defendants' Opposition to Class Certification be exchanged as outlined in the proposed case schedule, as well as related expert deposition deadlines.

*Defendants' Position*: Expert witness discovery should proceed as part of normal discovery in accordance with the applicable rules.  Defendants do not believe that expert witness reports are necessary for the disposition of Plaintiffs' motion for class certification.

12.     **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

*Plaintiffs' Position*: As discussed in Plaintiffs' Position regarding Questions Six and Eight above, Plaintiffs believe that class certification discovery should proceed immediately, simultaneously with merits discovery. Plaintiffs' position with respect to the staging of discovery and motions practice is set out in the Parties' Joint Proposed Schedule and below in Plaintiffs' Position regarding Question Thirteen. Plaintiffs request a hearing on class certification but do not believe that an evidentiary hearing is necessary. Plaintiffs propose that the Court set a status conference for 14 days following its decision on the motion for class certification to discuss the schedule for the remainder of the case including summary judgment motions, pre-trial conference(s), and trial.

*Defendants' Position*: As discussed above, Defendants believe that discovery should be stayed pending resolution of their forthcoming motion to strike the class allegations from the amended complaint. If the Court declines to stay discovery, Defendants propose a bifurcated discovery process with merits discovery awaiting the Court's determination of whether to certify a class. Accordingly, Defendants request resolution of the class certification issue at the Court's earliest convenience. Defendants agree that the Court set a status conference for 30 days following its decision whether to certify a class, at which the Parties can discuss the schedule for the remainder of the case, including merits discovery, summary judgment motions, pre-trial conference(s), and trial.

13.     **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

*Plaintiffs' Position*: Plaintiffs do not believe that the trial or discovery should be bifurcated

8

or managed in phases.

*Defendants' Position*: Defendants incorporate by reference their response to item 12.

14.    **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

*Plaintiffs' Position*: Plaintiffs propose a status conference 14 days after the ruling on class certification to set the deadlines for the remainder of the case, including a schedule for dispositive motions, the pretrial conference, and trial.

*Defendants' Position*: Defendants propose a status conference 30 days after the ruling on class certification to set the deadlines for the remainder of the case, including a schedule for merits discovery, dispositive motions, the pretrial conference, and trial.

15.    **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

*Parties' Position*: The Parties believe the trial date should be set at the status conference following a decision on class certification, or at the pretrial conference.

16.    **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order**

*Parties' Position*: The Parties' consent and agree to accept service of discovery requests and responses by electronic mail and/or electronic filesharing.

Dated: June 30, 2026

Andrea R. Gold DC (D.C. Bar No. 502607)
Hassan A. Zavareei (D.C. Bar No. 456161)
Gemma Seidita DC (D.C. Bar No. 1721862)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
(202) 919-5852
*agold@tzlegal.com*
*hzavareei@tzlegal.com*
*gseidita@tzlegal.com*

*/s/ John W. Stewart*
Gregory McGillivary (D.C. Bar No. 411029)
Sara L. Faulman (D.C. Bar No. 496679)
John W. Stewart (D.C. Bar No. 1028836)
Sarah M. Block (D.C. Bar No. 1026577)
**McGILLIVARY STEELE ELKIN LLP**
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855
*gkm@mselaborlaw.com*
*slf@mselaborlaw.com*
*jws@mselaborlaw.com*
*smb@mselaborlaw.com*

*Attorneys for Plaintiffs and the Proposed Class*

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

/s *James W. Harlow*
James W. Harlow
Senior Trial Counsel
Pierce J. Anon
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (771) 217-8184 (Anon)
Tel: (202) 514-6786 (Harlow)
Fax: (202) 616-8460
E-mail: pierce.anon@usdoj.gov
E-mail: james.w.harlow@usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2026, I filed the foregoing document using the Court's

ECF system, which causes a copy to be emailed to all counsel of record.


*/s/ John W. Stewart*
John W. Stewart

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DENISE NEMETH-GREENLEAF, JASON JUDKINS, JON MICHEL, DONNA NEMETH, AND MICHAEL RIFER, on behalf of themselves and all others similarly situated,

             Plaintiffs,

     v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; UNITED STATES DEPARTMENT OF THE TREASURY.

             Defendants.

Case No. 1:25-cv-00407

Judge: Hon. Christopher R. Cooper

## PROPOSED SCHEDULE

| Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
| --- | --- | --- |
| Initial Disclosures | July 30, 2026 | August 31, 2026 |
| Motions to Add Parties or Amend Pleadings | September 25, 2026 | August 6, 2026 |
| Motion to Strike Class Allegations | | September 18, 2026 |
| Opposition to Motion to Strike Class Allegations | | October 2, 2026 |
| Reply to Opposition of Motion to Strike Class Allegations | | October 23, 2026 |
| Hearing on Motion to Strike Class Allegations | | At the Court's earliest convenience after October 30, 2026 |
| Disclosure of Plaintiffs' class certification experts and related expert reports as required by Fed. R. Civ. P. 26(a)(2) | January 15, 2027 | January 15, 2027 |
| Deadline to depose Plaintiffs' class certification experts | February 15, 2027 | February 15, 2027 |
| Disclosure of Defendants' class certification experts and related expert reports as required by Fed. R. Civ. P. 26(a)(2) | March 15, 2027 | March 15, 2027 |
| Deadline to depose Defendants' class certification experts | April 15, 2027 | April 15, 2027 |

| | | |
|---|---|---|
| Disclosure of Plaintiffs' class certification rebuttal experts and related expert reports as required by Fed. R. Civ. P. 26(a)(2) | May 14, 2027 | May 14, 2027 |
| Motion for Class Certification | May 27, 2027 | June 30, 2027 |
| Opposition to Class Certification | June 24, 2027 | July 23, 2027 |
| Reply in Support of Class Certification | July 22, 2027 | August 27, 2027 |
| Hearing on Motion for Class Certification | August 2027, Date TBD by the Court | September 2027, Date TBD by the Court |
| Status Conference Following Ruling on Class Certification to Discuss Remaining Case Schedule Including Summary Judgment Motions, Pre-Trial Conference, and Trial | 14 days following the Court's Order on Plaintiffs' Motion for Class Certification | 14 days following the Court's Order on Plaintiffs' Motion for Class Certification |
| Completion of Fact Discovery | December 31, 2027 | June 30, 2027 |