**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DENISE NEMETH-GREENLEAF, JASON JUDKINS, JON MICHEL, DONNA NEMETH, AND MICHAEL RIFER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; UNITED STATES DEPARTMENT OF THE TREASURY.

Defendants.

Case No. 1:25-cv-00407

Judge: Hon. Christopher R. Cooper

**JOINT STATEMENT REGARDING**
**CLASS CERTIFICATION AND CLASS DISCOVERY**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 16.3, and the Court's July 7, 2026 Order, Plaintiffs Denise Nemeth-Greenleaf, Jason Judkins, Jon Michel, Donna Nemeth, and Michael Rifer (collectively "Plaintiffs"), and Defendants the United States Office of Personnel Management ("OPM") and the United States Department of the Treasury ("Treasury") (collectively "Defendants"), by and through their undersigned counsel, submit this Joint Statement Regarding Class Certification and Class Discovery.

## I. REPORT OF THE PARTIES' CONFERENCE

Counsel for the Plaintiffs and Defendants (collectively, the "Parties") met and conferred via videoconference on July 15, 2026 and subsequently by email, regarding this Joint Statement Regarding Class Certification and Class Discovery.

## II. CLASS CERTIFICATION AND CLASS DISCOVERY

### 1. Defendants' Motions for Reconsideration and to Strike Class Allegations

***Plaintiffs' Position***: Plaintiffs will oppose Defendants' anticipated Motion for Reconsideration as well as their Motion to Strike the Class Allegations.

First, because judicial interest in finality strongly disfavors reconsideration, this Court only reconsiders its interlocutory orders "as justice requires." *Fogg v. Bondi,* 2025 WL 2267811, at *2 (D.D.C. Aug. 8, 2025). Indeed, courts "generally should not revisit prior interlocutory decisions in the absence of extraordinary circumstances such as where the initial decisions was clearly erroneous and would work a manifest injustice" *Id.* ("A motion for reconsideration, however, cannot be a vehicle for presenting theories or arguments that could have been advanced earlier."). Defendants have not and cannot demonstrate that the motion to dismiss was clearly erroneous based on, for example, any intervening factual or legal developments; as such, they should not be permitted now to present some new assertion they could have advanced at any other point in the nearly five months since the Court denied their motion to dismiss. *Id.*; *see also Kennedy v. District of Columbia,* 145 F. Supp. 3d 46, 51 (D.D.C. 2015) ("A motion for reconsideration is emphatically not the proper place to raise new legal arguments"). The Court's opinion was clear that the out-of-pocket purchases made by the plaintiffs were reasonable "given the contemporaneous public reporting on DOGE's access […] and possible mishandling of data." Thus, there can be no legitimate grounds for reconsideration.

Second, with respect to Defendants' Motion to Strike, as the parties discussed with the Court on July 7, 2026, such motions are, similarly, strongly disfavored in federal court. This is especially true here, where no discovery has taken place, meaning Defendants' motion will essentially be brought under the same posture as their previous unsuccessful motions under Rule 12(b)(1) and (6). In fact, courts regularly deny motions to strike class allegations at the pleading stage, finding that at least some discovery is necessary to determine whether a case can move

forward on a class-wide basis. Such is the case here.

For these reasons, as well as those discussed during the Court's conference on July 7, it is time for the Defendants to cease their transparent delay tactics and begin discovery. Thus, consistent with the Court's order on bifurcation, Plaintiffs are ready to begin the discovery necessary for the Court to consider Plaintiffs' Motion for Class Certification—these include but are not limited to issues of classwide damages, Defendants' cybersecurity practices (or lack thereof), as well as any exfiltration of PII and/or PSI and the harm to Plaintiffs and the putative Class in connection with the same.

Indefinitely delaying this important class discovery to which Plaintiffs are entitled—particularly pending the Court's ruling on now *two* highly disfavored motions—would be significantly prejudicial to Plaintiffs and putative Class members, as witness memories fade and evidence may be lost. Plaintiffs bear the burden of satisfying the Rule 23 elements for class certification and they should be permitted to begin that discovery now. During the Parties' meet and confer, Plaintiffs proposed the class discovery outlined below. However, in order to further streamline and narrow the scope of class discovery, Plaintiffs also proposed that the scope of class discovery could be significantly narrowed if the Parties agreed to stipulate to certain Rule 23 factors such as numerosity, typicality, adequacy and commonality. Plaintiffs proposed such a stipulation. Defendants refused. Thus, it is clear that Plaintiffs should be entitled to begin full class discovery now, as outlined below.

***Defendants' Position***: By July 31, 2026, Defendants intend to file a Motion for Reconsideration of the Order Denying Defendants' Motion to Dismiss, as well as a Motion to Strike the Class Allegations. Defendants' Motion for Reconsideration will not advance new legal arguments. Rather, Defendants contend that the Court misapprehended when Plaintiffs purchased

identity-protection services, which the original complaint places no later than February 11, 2025. As a result, the Court mistakenly assessed the contemporaneous reasonableness of those purchases based on information Plaintiffs did not know, such as the May 2025 whistleblower report, because the events had not yet happened. Under the actual timeline, Plaintiffs have not plausibly shown their purchases were reasonably incurred as a result of the alleged Privacy Act violation.

Even if the Court does not grant the Motion for Reconsideration and dismiss the case, Defendants contend the class action allegations should be stricken from the amended complaint. By the very nature of this Privacy Act claim, individual trials would be necessary to determine whether each proposed class member reasonably incurred out-of-pocket expenses as a result of the alleged Privacy Act violation. Thus, Plaintiffs cannot satisfy Rule 23(b)(3)'s predominance requirement.

Defendants believe that discovery should remain stayed until the Court rules on the motions, which are potentially dispositive. No discovery is necessary to resolve Defendants' forthcoming motions. And the motions should be fully briefed by September 2026, so a stay of discovery need not be prolonged. The burden (if any) of a short stay pales in comparison to the parties' expenditures of time and resources once discovery commences.

However, if the Court is inclined to let discovery commence, Defendants join the proposal below for a bifurcated discovery process.

### 2. Class Certification-Related Fact and Expert Discovery

Consistent with the Court's direction, the Parties agree that discovery in this matter may be bifurcated into two phases: (1) discovery limited to issues necessary and relevant to addressing whether class certification is appropriate in this action ("Phase 1"); and (2) discovery on all other matters concerning the merits of the Parties' claim and defenses ("Phase 2").

a. **Phase 1 Discovery**. Phase 1 shall commence immediately and continue through the filing of Plaintiffs' motion for class certification as set forth below. Plaintiffs shall be permitted to take discovery during Phase 1 regarding whether Plaintiffs can prove, via common evidence, the elements of their claims under the Privacy Act and whether these common questions predominate over any potential individualized issues. This includes, but is not necessarily limited to, discovery as to the class-wide evidence available to prove: (i) whether Defendants failed to establish appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of records and to protect against known and anticipated threats or hazards to the security and integrity of these records, including unauthorized access by government and non-government employees; (ii) whether Defendants disclosed Plaintiffs' and Class Members' personal sensitive information ("PSI"), which includes but is not limited to personally identifiable information ("PII"), without their prior written consent; (iii) whether Defendants' conduct was willful or with flagrant disregard for the security of Plaintiffs' and Class Members' PSI; (iv) whether Defendants provided unauthorized access to Plaintiffs' PSI that is stored and/or maintained through OPM and the Treasury Department; (v) whether Defendants failed to disclose to Plaintiffs and Class Members that they provided unauthorized access to Plaintiffs' and the Class Members' PSI, including to government employees and/or non-government employees without prior written consent; (vi) the method or methods by which to measure class-wide damages; (vii) the Plaintiffs' typicality and adequacy as potential Class representatives; (viii) the scope, nature, composition, contact information, personal and/or private information disclosed; and (ix) numerosity of the

proposed class or classes. The Parties shall not be permitted to take discovery on any topic that is solely related to the merits of the Plaintiffs' claims or Defendants' defenses thereto.

b. **Phase 2 Discovery.** Phase 2 shall commence upon the issuance of an Order by this Court granting or denying class certification in this action and shall continue until the conclusion of fact discovery.

c. **Number of Discovery Requests**. Phase 1 discovery shall be limited per side to fifteen (15) interrogatories; 7 (seven) depositions (including both parties and non-parties); twenty-five (25) document requests to any party; and twenty (20) document requests to any non-party. Phase 2 discovery shall be governed by the limits on discovery set forth in the Federal Rules of Civil Procedure.

**<u>PROPOSED CLASS DISCOVERY SCHEDULE</u>**

| **Event** | **Parties' Proposed Deadline** |
|---|---|
| Initial Disclosures | August 31, 2026 |
| Motions to Add Parties or Amend Pleadings | September 25, 2026 |
| Disclosure of Plaintiffs' class certification experts and related expert reports as required by Fed. R. Civ. P. 26(a)(2) | November 6, 2026 |
| Deadline to depose Plaintiffs' class certification experts | December 4, 2026 |
| Disclosure of Defendants' class certification experts and related expert reports as required by Fed. R. Civ. P. 26(a)(2) | December 11, 2026 |
| Deadline to depose Defendants' class certification experts | January 4, 2027 |
| Disclosure of Plaintiffs' class certification rebuttal experts and | January 27, 2027 |

| | |
|---|---|
| related expert reports as required by Fed. R. Civ. P. 26(a)(2) | |
| Motion for Class Certification | February 3, 2027 |
| Opposition to Class Certification | March 3, 2027 |
| Reply in Support of Class Certification | March 31, 2027 |
| Hearing on Motion for Class Certification | April 2027, Date TBD by the Court |
| Status Conference Following Ruling on Class Certification to Discuss Remaining Case Schedule | 14 days following the Court's Order on Plaintiffs' Motion for Class Certification |

Dated: July 23, 2026

*/s/ Sarah M. Block*
Gregory McGillivary (D.C. Bar No. 411029)
Sara L. Faulman (D.C. Bar No. 496679)
John W. Stewart (D.C. Bar No. 1028836)
Sarah M. Block (D.C. Bar No. 1026577)
**McGILLIVARY STEELE ELKIN LLP**
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855
*gkm@mselaborlaw.com*
*slf@mselaborlaw.com*
*jws@mselaborlaw.com*
*smb@mselaborlaw.com*

Andrea R. Gold DC (D.C. Bar No. 502607)
Hassan A. Zavareei (D.C. Bar No. 456161)
Gemma Seidita DC (D.C. Bar No. 1721862)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
(202) 919-5852
*agold@tzlegal.com*
*hzavareei@tzlegal.com*
*gseidita@tzlegal.com*

*Attorneys for Plaintiffs and the Proposed Class*

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

/s/ *Pierce J. Anon*
James W. Harlow
Senior Trial Counsel
Pierce J. Anon
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (771) 217-8184 (Anon)
Tel: (202) 514-6786 (Harlow)
Fax: (202) 616-8460
E-mail: pierce.anon@usdoj.gov
E-mail: james.w.harlow@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2026, I filed the foregoing document using the Court's ECF system, which causes a copy to be emailed to all counsel of record.

*/s/ Sarah M. Block*
Sarah M. Block