**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DENISE NEMETH-GREENLEAF, JASON JUDKINS, JON MICHEL, DONNA NEMETH, AND MICHAEL RIFER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; UNITED STATES DEPARTMENT OF THE TREASURY.<br><br>Defendants. | Case No. 1:25-cv-00407<br><br>Judge: Hon. Christopher R. Cooper |

**UPDATED JOINT STATEMENT REGARDING**
**<u>CLASS CERTIFICATION AND CLASS DISCOVERY</u>**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 16.3, and the Court's Order of August 28, 2026, Plaintiffs Denise Nemeth-Greenleaf, Jason Judkins, Jon Michel, Donna Nemeth, and Michael Rifer (collectively "Plaintiffs"), and Defendants the United States Office of Personnel Management ("OPM") and the United States Department of the Treasury ("Treasury") (collectively "Defendants"), by and through their undersigned counsel, submit this Updated Joint Statement Regarding Class Certification and Class Discovery.

## I. REPORT OF THE PARTIES' CONFERENCE

Counsel for the Plaintiffs and Defendants (collectively, the "Parties") met and conferred via videoconference on July 15, 2026, and subsequently by email following the Court's denial of Defendant's Motion to Reconsider and to Strike Class Allegations (Dkt. 44), regarding this Joint Statement Regarding Class Certification and Class Discovery.

## II. CLASS CERTIFICATION AND CLASS DISCOVERY

Consistent with the Court's direction, the Parties agree that discovery in this matter may

be bifurcated into two phases: (1) discovery limited to issues necessary and relevant to addressing whether class certification is appropriate in this action ("Phase 1"); and (2) discovery on all other matters concerning the merits of the Parties' claim and defenses ("Phase 2").

a. **Phase 1 Discovery**. Phase 1 shall commence immediately and continue through the filing of Plaintiffs' motion for class certification as set forth below. Plaintiffs shall be permitted to take discovery during Phase 1 regarding whether Plaintiffs can prove, via common evidence, the elements of their claims under the Privacy Act and whether these common questions predominate over any potential individualized issues. This includes, but is not necessarily limited to, discovery as to the class-wide evidence available to prove: (i) whether Defendants failed to establish appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of records and to protect against known and anticipated threats or hazards to the security and integrity of these records, including unauthorized access by government and non-government employees; (ii) whether Defendants disclosed Plaintiffs' and Class Members' personal sensitive information ("PSI"), which includes but is not limited to personally identifiable information ("PII"), without their prior written consent; (iii) whether Defendants' conduct was willful or with flagrant disregard for the security of Plaintiffs' and Class Members' PSI; (iv) whether Defendants provided unauthorized access to Plaintiffs' PSI that is stored and/or maintained through OPM and the Treasury Department; (v) whether Defendants failed to disclose to Plaintiffs and Class Members that they provided unauthorized access to Plaintiffs' and the Class Members' PSI, including to government employees and/or non-government employees without prior written consent; (vi) the method or methods

by which to measure class-wide damages; (vii) the Plaintiffs' typicality and adequacy as potential Class representatives; (viii) the scope, nature, composition, contact information, personal and/or private information disclosed; and (ix) numerosity of the proposed class or classes. The Parties shall not be permitted to take discovery on any topic that is solely related to the merits of the Plaintiffs' claims or Defendants' defenses thereto.

b. **Phase 2 Discovery.** Phase 2 shall commence upon the issuance of an Order by this Court granting or denying class certification in this action and shall continue until the conclusion of fact discovery.

c. **Number of Discovery Requests**. Phase 1 discovery shall be limited per side to fifteen (15) interrogatories; 7 (seven) depositions (including both parties and non-parties); twenty-five (25) document requests to any party; and twenty (20) document requests to any non-party. Phase 2 discovery shall be governed by the limits on discovery set forth in the Federal Rules of Civil Procedure.

**PROPOSED CLASS DISCOVERY SCHEDULE**

| **Event** | **Parties' Proposed Deadline** |
|---|---|
| Initial Disclosures | September 21, 2026 |
| Motions to Add Parties or Amend Pleadings | October 9, 2026 |
| Disclosure of Plaintiffs' class certification experts and related expert reports as required by Fed. R. Civ. P. 26(a)(2) | December 18, 2026 |
| Deadline to depose Plaintiffs' class certification experts | January 15, 2027 |
| Disclosure of Defendants' class certification experts and related | January 29, 2027 |

| | |
|---|---|
| expert reports as required by Fed. R. Civ. P. 26(a)(2) | |
| Deadline to depose Defendants' class certification experts | February 26, 2027 |
| Disclosure of Plaintiffs' class certification rebuttal experts and related expert reports as required by Fed. R. Civ. P. 26(a)(2) | March 26, 2027 |
| Motion for Class Certification | April 30, 2027 |
| Opposition to Class Certification | May 28, 2027 |
| Reply in Support of Class Certification | June 11, 2027 |
| Hearing on Motion for Class Certification | Date TBD by the Court |
| Status Conference Following Ruling on Class Certification to Discuss Remaining Case Schedule | 14 days following the Court's Order on Plaintiffs' Motion for Class Certification |

Dated: September 4, 2026

Respectfully submitted,

*/s/ Sara L. Faulman*
Gregory McGillivary (D.C. Bar No. 411029)
Sara L. Faulman (D.C. Bar No. 496679)
John W. Stewart (D.C. Bar No. 1028836)
Sarah M. Block (D.C. Bar No. 1026577)
**McGILLIVARY STEELE ELKIN LLP**
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855
gkm@mselaborlaw.com
slf@mselaborlaw.com
jws@mselaborlaw.com
smb@mselaborlaw.com

Andrea R. Gold DC (D.C. Bar No. 502607)
Hassan A. Zavareei (D.C. Bar No. 456161)
Gemma Seidita DC (D.C. Bar No. 1721862)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
(202) 919-5852

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

/s/ *Pierce J. Anon*
James W. Harlow
Senior Trial Counsel
Pierce J. Anon
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (771) 217-8184 (Anon)
Tel: (202) 514-6786 (Harlow)
Fax: (202) 616-8460

agold@tzlegal.com
hzavareei@tzlegal.com
gseidita@tzlegal.com

*Attorneys for Plaintiffs and the Proposed Class*

E-mail: pierce.anon@usdoj.gov
E-mail: james.w.harlow@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, I filed the foregoing document using the Court's ECF system, which causes a copy to be emailed to all counsel of record.

*/s/ Sara L. Faulman*
Sara L. Faulman